IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PRISCILLA ANN FLOTTMAN )
)
v. ) NO. 3:09-0770
) JUDGE CAMPBELL
HICKMAN COUNTY, TENNESSEE, )
   et al. )

MEMORANDUM

Pending before the Court is Defendant Hickman County's Motion to Dismiss (Docket No. 26). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part as follows.

FACTS

Pursuant to 42 U.S.C. § 1983, Plaintiff has alleged claims against Hickman County, Tennessee, and others for violations of her civil rights under the Eighth and Fourteenth Amendments. Docket No. 17. Plaintiff asserts that Defendant Smith, an employee of both the Hickman County Sheriff's Office and the Centerville Police Department, violently and repeatedly raped and/or sexually assaulted her during the time period January 17, 2008 until August 26, 2008, while she was incarcerated in the Hickman County Jail.

Specifically as to Defendant Hickman County, Plaintiff alleges violations of her constitutional rights to due process and to be free from cruel and unusual punishment because of Hickman County's alleged failure to supervise its deputies. Docket No. 17, ¶ 4.2. Plaintiff also alleges that Defendant Hickman County violated her constitutional rights to due process and to be

1

free from cruel and unusual punishment by failing to maintain and ensure a safe environment at its jail. Docket No. 17, ¶ 4.3. Finally, Plaintiff alleges that Defendant Hickman County violated her Eighth and Fourteenth Amendment rights by failing to provide medical treatment for her serious medical needs. *Id*. at ¶ 4.4. This last claim is not a subject of the pending Motion.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*.

When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## DISCUSSION

Defendant argues first that any claims arising before August 21, 2008, are barred by the applicable one-year statute of limitations. Plaintiff has conceded this point. Docket No. 31. Therefore, all claims against Defendant Hickman County arising before August 21, 2008, are DISMISSED.

2

Plaintiff has also conceded that any claims against Hickman County under the Fourteenth Amendment for post-release threats should be dismissed and any claim for punitive damages against Hickman County should be dismissed. Docket No. 31. Accordingly, all claims against Defendant Hickman County for post-release threats are DISMISSED, and Plaintiff's claim for punitive damages against Defendant Hickman County is DISMISSED.

Defendant argues that Plaintiff's remaining claims for failure to supervise, failure to train, and failure to maintain and ensure a safe environment at the jail should be analyzed under the Eighth Amendment. A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996) (citing *Farmer v. Brennan*, 114 S.Ct. 1970, 1974 (1994)).

Plaintiff's Amended Complaint has also stated a claim for violation of her substantive due process rights under the Fourteenth Amendment, however. The Sixth Circuit Court of Appeals had held that "no rational individual could believe that sexual abuse by a state actor is constitutionally permissible under the Due Process Clause" and that a citizen has a "clearly established right under the substantive component of the Due Process Clause to personal security and to bodily integrity." *Doe v. Magoffin County Fiscal Court*, 2006 WL 959812 at * * 4 (6th Cir. April 13, 2006)(quoting *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507) (6th Cir. 1996)). Thus, Plaintiff's right to be free from sexual abuse at the hands of a state actor, such as Defendant Smith, is clearly protected by the Due Process Clause of the Fourteenth Amendment. *See Claiborne County*, 103 F.3d at 506.

Plaintiff cannot base her claim against Hickman County solely on Defendant Smith's conduct, however, for *respondeat superior* is not available as a theory of recovery under Section

3

1983. *Claiborne County*, 103 F.3d at 507. Hickman County cannot be found liable unless Plaintiff can establish that an officially executed policy or the toleration of a custom within Hickman County led to, caused, or resulted in the deprivation of Plaintiff's constitutionally protected rights. *Id*.; *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690-694 (1978).

Here, Plaintiff challenges the municipality's *inaction*, as opposed to any specific action by Hickman County. Plaintiff suggests that Hickman County's failure to provide adequate training and supervision and its failure to provide a safe environment amounted to a policy, practice or custom which led to violation of her rights.

In general, to state a municipal liability claim under an "inaction" theory, Plaintiff must establish the existence of a clear and persistent pattern of unconstitutional conduct by a municipal employee and notice or constructive notice of that pattern on the part of the municipality. *Weaver v. Tipton County, Tennessee*, 41 F.Supp.2d 779, 789 (W.D. Tenn. 1999). In addition, Plaintiff must demonstrate that the municipality's inaction reflected deliberate indifference, such that its failure to act reflects an official policy of inaction, and that this policy was the moving force behind the constitutional violation against her. *Id*. If there is a pattern of illegal conduct, a court can infer that the municipality had notice of the conduct, and if the municipality takes no action, a court can find such inaction was deliberate. *Id.* The evidence must show that the need to act is so obvious that the County's conscious decision not to act can be said to amount to a policy of deliberate indifference to Plaintiff's constitutional rights. *Claiborne County*, 103 F.2d at 508.

Here, Plaintiff alleges that Defendant Smith repeatedly raped and/or sexually assaulted her for a period of eight months, while she was incarcerated in the Hickman County Jail. She contends

4

that Hickman County failed to properly supervise and train its deputies and also failed to adopt a policy which would enable it to identify predator deputies, such as Defendant Smith.

The Court finds that, for purposes of a Motion to Dismiss, Plaintiff has sufficiently alleged a clear and persistent pattern of serious and unconstitutional conduct by a Hickman County employee and, at a minimum, constructive notice of that pattern to the municipality. In addition, Plaintiff has sufficiently alleged inaction which could reflect deliberate indifference and which could be found to be a moving force behind the constitutional violations against her. The merits of these claims must be determined at a later stage of the litigation, either on summary judgment or by the trier of fact.

Accordingly, Defendant's Motion to Dismiss Plaintiff's Eighth and Fourteenth Amendment claims against Hickman County for failure to supervise, failure to train, and failure to maintain and ensure a safe environment at the jail is DENIED.

## CONCLUSION

For all these reasons, Defendant's Motion to Dismiss (Docket No. 26) is GRANTED in part and DENIED in part.

The following of Plaintiff's claims against Defendant Hickman County are DISMISSED: (1) any claims arising before August 21, 2008; (2) any claim for punitive damages; and (3) any claims under the Fourteenth Amendment for post-release threats by Defendant Smith.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE