IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PRISCILLA ANN FLOTTMAN | ) | |
| | ) | No. 3-09-0770 |
| v. | ) | |
| | ) | |
| HICKMAN COUNTY, TENNESSEE; | ) | |
| THE CITY OF CENTERVILLE, | ) | |
| TENNESSEE; and KENNY SMITH | ) | |

TO:   Chief Judge Todd J. Campbell

REPORT AND RECOMMENDATION

By order entered July 14, 2010 (Docket Entry No. 66), the motion of defendant City of Centerville to dismiss (Docket Entry No. 44), along with the motion of defendant Hickman County for summary judgment (Docket Entry No. 55), and the motion of defendant City of Centerville for summary judgment (Docket Entry No. 58), were referred to the Magistrate Judge for Reports and Recommendations.

Since the July 14, 2010, order appears to direct that separate Reports and Recommendations be entered on each motion, the motion of defendant City of Centerville to dismiss (Docket Entry No. 44) will be addressed herein, and the other motions will be addressed by separately entered Reports and Recommendation.

I. BACKGROUND

The plaintiff filed this action against defendants Hickman County and Kenny Smith on August 21, 2009, pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments to the United States Constitution. Specifically, the plaintiff asserted in her initial complaint that, while she was incarcerated at the Hickman County Jail from January 17, 2008, to August 26, 2008, defendant Smith, a Hickman County detective, violently and repeatedly raped and/or sexually assaulted her, that defendant Hickman County deprived her of physical and

psychological medical attention that she had requested as a result of her injuries, and that, upon her release on or about August 26, 2008,[1] through December of 2008, defendant Smith continued to oppress and harass her by "various threats and communications." Docket Entry No. 1, at 2, ¶ 3.5.

On October 2, 2010, the plaintiff filed an amended complaint (Docket Entry No. 8), adding the City of Centerville as a defendant and asserting that defendant Smith was not only a Hickman County detective but also a City of Centerville police officer, that Hickman County had a policy, custom and usage of failing to supervise its deputies in their interaction with female prisoners, failing to maintain and secure a safe jail environment, and failing to provide medical treatment for the serious medical needs of prisoners, and that City of Centerville had a policy, custom and usage of failing to supervise its officers and to identify those officers with defendant Smith's personality traits and to intercede to treat and correct those problems. The plaintiff also alleged that defendant Smith had continued to oppress and harass her after she was released by "various physical and mental threats and communications." Docket Entry No. 8, at 3, ¶ 3.5.

On November 4, 2009, the plaintiff filed a second amended complaint (Docket Entry No. 17) to "clarify" her allegations and "further identify" the defendants. Docket Entry No. 15. Specifically, the plaintiff asserted in her second amended complaint that defendant Hickman County had a policy of failing to identify deputies with defendant Smith's personality traits and to intercede to treat and correct those problems.

By order entered April 12, 2010 (Docket Entry No. 35), the motion of defendant Hickman County to dismiss (Docket Entry No. 26) was granted in part and denied in part, and the plaintiff's claims against Hickman County arising before August 21, 2008, her claim for punitive damages, and her claims under the Fourteenth Amendment for post-release threats by defendant Smith were dismissed. Specifically, the Court noted that the plaintiff conceded that her claims against Hickman County prior to August 21, 2008, were barred by the one-year statute of limitations, and that the

---

[1] It appears that the plaintiff was actually released on August 27, 2008. Docket Entry No. 69, at 2, ¶ 4; Docket Entry No. 49, at 12.

2

Fourteenth Amendment claims against Hickman County for post-release threats and for punitive damages should be dismissed. See Docket Entry No. 31. The motion to dismiss was denied to the extent that defendant Hickman County sought to dismiss the plaintiff's Eighth Amendment and Fourteenth Amendment substantive due process claims for failure to supervise, failure to train, and failure to maintain and ensure a safe environment at the jail. Defendant Hickman County did not seek to dismiss the plaintiff's claims for its alleged failure to provide medical treatment for her serious medical needs. See memorandum (Docket Entry No. 34).

On the heels of the April 12, 2010, order, defendant City of Centerville filed the instant motion to dismiss, see Docket Entry Nos. 44-45, to which the plaintiff has responded (Docket Entry No. 47).

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all well-pled allegations contained in the complaint. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007); Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group, 463 F.3d 478, 487 (6th Cir. 2006). See also Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Performance Contracting, Inc., v. Seaboard Sur. Co., 163 F.3d 366, 369 (6th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for her entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. \_, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Fritz v. Charter Township

3

of Comstock, 592 F.3d 718, 722 (6th Cir. 2010); Bovee v. Coopers & Lybrand, C.P.A., 272 F.3d 356, 361 (6th Cir. 2001).

Thus the factual allegations in a complaint must be enough to show a plausible right to relief "above the speculative level." Twombly, 550 U.S. at 555. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581-82 (6th Cir. 2007); Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000). Pleading facts that are "'merely consistent with' a defendant's liability" or facts that do not "permit the court to infer more than the mere possibility of misconduct" is not sufficient. Iqbal, 129 S.Ct. at 1949-50 (citing Twombly, 550 U.S. at 557). The factual allegations, taken to be true, "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." Lambert v. Hartmann, 517 F.3d 433, 439 (6th Cir. 2008), cert. denied, _ U.S. _, 129 S.Ct. 905, 173 L.Ed.2d 158 (2009) (emphasis in original), quoting League of United Latin Am. Citizens, 500 F.2d at 528, quoting Twombly, 550 U.S. at 555.

### III. DISCUSSION

A. The Parties' Positions

Defendant City of Centerville appears to seek dismissal of all claims in the plaintiff's second amended complaint in their entirety.[2] Specifically, the City seeks to dismiss the plaintiff's claims for punitive damages, all claims relating to physical assaults prior to August 21, 2008, as barred by the statute of limitations, and all claims related to post-release threats based on the April 12, 2010, order dismissing the same claims against defendant Hickman County and because there can be no

---

[2] See, however, Section III(E) infra.

4

violation of the plaintiff's substantive due process rights when she only claims that she was harassed or threatened and not physically touched.

In her response (Docket Entry No. 47-1), the plaintiff agrees that she is not entitled to punitive damages. However, the plaintiff contends that her claim that "she was physical [sic] abused by Smith while he was a Centerville Police Officer" is sufficient to support her post-release claims. Docket Entry No. 47-1, at 3. She also argues that, under the continuing violations doctrine, all incidents of sexual assault are cognizable even if some of the incidents would otherwise be barred by the statute of limitations.

Defendant City of Centerville did not file a reply, although it was entitled to do so in accord with the order entered June 4, 2010 (Docket Entry No. 46).[3]

B. Plaintiff's Constitutional Claims

In her original and amended complaints, the plaintiff asserted claims under both the Eighth and Fourteenth Amendments. Apparently as a result, the defendants and the Court assumed that the plaintiff was serving a term of incarceration in the Hickman County Jail until August 26, 2008, and thus her claims resulting from physical and/or sexual assaults and denial of medical care while incarcerated must be analyzed under the Eighth Amendment.[4] Although not raised by the plaintiff in response to the pending motion to dismiss (or in response to the previously filed motion to dismiss filed by defendant Hickman County), it appears that the plaintiff may actually have been a pretrial detainee. See Docket Entry No. 69, at 2 ¶ 3. In that event, the plaintiff would not be able to

---

[3] In its memorandum in support of its motion for summary judgment, defendant City of Centerville noted that the plaintiff filed a "one sentence response" to its motion to dismiss, simply that "the allegations contained in her Complaint state sufficiently a cause of action against the City of Centerville, thus the City's motion should be denied." Docket Entry No. 59, at 5. While defendant City of Centerville accurately quoted the plaintiff (Docket Entry No. 47), the plaintiff also filed an attached three-page memorandum (Docket Entry No. 47-1), which expounded to some extent upon her initial conclusory statement.

[4] In the memorandum entered April 12, 2010, the Court analyzed the plaintiff's claims while housed at the Hickman County Jail under both the Eighth and Fourteenth Amendments. Docket Entry No. 34, at 3.

maintain any claims under the Eighth Amendment since the Fourteenth Amendment applies to pretrial detainees. See Bell v. Wolfish, 441 U.S. 520, 535-39, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Spencer v. Bouchard, 449 F.3d 721, 727 (6th Cir. 2006). However, whether or not the plaintiff was a convicted prisoner or a pretrial detainee is not critical because Eighth Amendment standards are used to determined whether the alleged conduct during the time the plaintiff was housed in the Hickman County Jail violates the Constitution. See Miller v. Calhoun County, 408 F.3d 803, 813 (6th Cir. 2005); Barber v. City of Salem, Ohio, 953 F.2d 232, 235-37 (6th Cir. 1992); Danese v. Asman, 875 F.2d 1239, 1242-43 (6th Cir. 1989), cert. denied, 494 U.S. 1027, 110 S.Ct. 1473, 108 L.Ed.2d 610 (1990); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985).

C. Statute of Limitations

Without citing any authority, the defendant suggests that, because the plaintiff conceded that her claims against Hickman County prior to August 21, 2008, were barred by the statute of limitations, see Docket Entry No. 31,[5] the plaintiff has conceded that her claims are also barred against the City of Centerville. In the memorandum and order dismissing the plaintiff's claims against defendant Hickman County arising before August 21, 2008, the Court relied on the plaintiff's concession and did not independently analyze the statute of limitations issue. In response to the motion of defendant Hickman County, the plaintiff did not raise the continuing violations doctrine as she did in response to the instant motion. The plaintiff did not explain her rationale for conceding the statute of limitations bar to her claims against Hickman County and not conceding it as to her claims against the City of Centerville. However, the Court finds no basis upon which to essentially deem that she is bound to her prior concession on her claims against defendant City of Centerville.

There is no dispute that a one year statute of limitations applies to the plaintiff's section 1983 claims. See Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); Eidson

---

[5] Actually, in the plaintiff's response, she stated that her claims "occurring before August 26, 2008 are time barred," Docket Entry No. 31, ¶ 3, but it appears that she intended to use the date of August 21, 2008.

6

v. State of Tenn. Dep't of Children's Servs., 510 F.3d 631, 634-35 (6th Cir. 2007); Roberson v. Tennessee, 399 F.3d 792 (6th Cir. 2005); Hughes v. Vanderbilt Univ., 215 F.3d 543, 547 (6th Cir. 2000); Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir. 1997); Berndt v. State of Tenn., 796 F.2d 879, 883 (6th Cir. 1986); T.C.A. § 28-3-104(a). This lawsuit was filed on August 21, 2009. Therefore, any claims that accrued prior to August 21, 2008, would ordinarily be barred by the one year statute of limitations. However, the plaintiff argues that claims for all section 1983 violations were timely filed pursuant to the continuing violations doctrine.

As the defendant points out, the continuing violations doctrine originated in and has been applied most frequently in the context of employment discrimination cases, and the Sixth Circuit has expressed its reluctance to extend the doctrine beyond those cases. See Sharpe v. Cureton, 319 F.3d 259, 267 (6th Cir.), cert. denied, 540 U.S. 876, 124 S.Ct. 228, 157 L.Ed.2d 138 (2003); LRL Props. v. Portage Metro Hous. Auth., 55 F.3d 1097, 1105 n.3 (6th Cir. 1995). However, as the Court acknowledged in National Parks Conservation Ass'n v. Tennessee Valley Auth., 480 F.3d 410, 416 (6th Cir. 2007), the Sixth Circuit has applied the continuing violations doctrine to other claims of deprivations of civil rights. In fact, the Sixth Circuit in National Parks found that no court has "articulated a principled reason why the continuing-violation doctrine should be limited to claims for deprivations of civil rights and employment discrimination . . . ." National Parks, 480 F.3d at 416-17.

Historically, there were two categories of continuing violations by which a plaintiff could avoid the applicable statute of limitations: (1) claims of serial violations; and (2) claims "identified with a longstanding and demonstrable policy of discrimination" against a class. Burzynski v. Cohen, 264 F.3d 611, 618 (6th Cir. 2001); Sharpe, 391 F.3d at 266-67.[6] In National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 112-13, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), the United States

---

[6] Examples of discrete acts in the employment context are termination, failure to promote, denial of transfer, or refusal to hire, as opposed to hostile environment claims. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 112-13, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); Sharpe, 391 F.3d at 267.

7

Supreme Court held that the continuing violations doctrine does not apply to conduct outside of the statute of limitations when an employee alleges discrete acts of discrimination or retaliation. As the Court found in Sharpe, there is no "principled basis upon which to restrict Morgan to Title VII claims," and thus Morgan must be applied in section 1983 cases in which a plaintiff alleges continuing violations that are serial but discrete acts occurring before the expiration of the statute of limitations. Sharpe, 391 F.3d at 267. Thus, under Morgan and Sharpe, the plaintiff can no longer rely upon the first category of continuing violations.

Because the plaintiff in this case has not asserted any "longstanding and demonstrable policy of discrimination" against a class of which she is a member, she also cannot rely upon the second category of continuing violations. Therefore, the plaintiff's claims arising from conduct prior to August 21, 2008, are barred by the one year statute of limitations.

D.  Post-Release Conduct

Defendant City of Centerville again suggests that the plaintiff is bound to her concession in response to the previous motion to dismiss filed by defendant Hickman County in which she agreed that her post-release claims should be dismissed against Hickman County. Docket Entry No. 45, at 8. For the same reasons addressed in section III(C) supra, the Court cannot deem the plaintiff's prior concession to bar her post-release claims against defendant City of Centerville.

Although citing cases holding that sexual harassment, absent contact or touching, is not sufficient for an Eighth Amendment violation, the defendant argues that the Eighth Amendment does not apply to post-release conduct. The plaintiff does not challenge that proposition, and the Court agrees. See also Section III(B) supra.

The defendant also cites procedural due process case law, which has no applicability to this case. The plaintiff is clearly asserting a substantive, rather than procedural, due process claim. The

8

defendant cites Schmidt v. City of Bella Villa, 557 F.3d 564, 574 (8th Cir. 2009),[7] in which the Eighth Circuit affirmed the grant of summary judgment to the defendant on the plaintiff's Fourth and Fourteenth Amendment claims arising from the actions of the arresting police officer, who had photographed a tatoo on the plaintiff's lower abdomen after her arrest for identification purposes. While the Court noted that the District Court had found that the plaintiff had not alleged any "touching, any sexual act, or any physical invasion of the plaintiff's "bodily integrity," the facts in Schmidt are entirely inapposite to the claims in this case. The facts in Schmidt did not rise to the level of sexual misconduct, much less conduct that was "so egregious, so outrageous" as to "shock the contemporary conscience." 557 F.3d at 574 (internal citation omitted).

In response, the plaintiff maintains that her "claim that she was physical (sic) abused by Smith while he was a Centerville Police Officer, are (sic) sufficient pleadings," citing Morales v. Mackalm, 278 F.3d 126 (2nd Cir. 2002). It is not clear why the plaintiff cites Morales, since the Second Circuit affirmed the dismissal of the plaintiff's claim for sexual harassment, finding that his allegations did not support such a claim. See Morales, 278 F.3d at 132. However, this Court has already held that the plaintiff's "right to be free from sexual abuse at the hands of a state actor, such as Defendant Smith, is clearly protected by the Due Process Clause of the Fourteenth Amendment." Docket Entry No. 34, at 3. That is the law of the case and law of this Circuit. See also Doe v. Magoffin County Fiscal Court, 174 Fed.Appx. 962, 2006 WL 959812, *4 (6th Cir. Apr. 13, 2006); Doe v. Claiborne County, Tenn., 103 F.3d 495, 507 (6th Cir. 1996) (clearly established right under substantive due process to "personal security" and "bodily integrity" encompasses right not to be sexually assaulted under color of law).

The question is not, as the plaintiff suggests, whether the plaintiff has stated a claim under the Eighth or Fourteenth Amendments based on her allegations of physical and/or sexual assault while she was housed in the Hickman County Jail, but rather whether she has stated a substantive

---

[7] Actually, the defendant cited the case as Schmidt v. Magyari. Apparently, Magyari was originally a co-plaintiff in that case.

due process claim based on her allegations of post-release conduct that "shock the conscience" under the Fourteenth Amendment. See City of Sacramento v. Lewis, 523 U.S. 847, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Harris v. City of Circleville, 583 F.3d 356, 365 (6th Cir. 2009); Eidson, 510 F.3d at 635-36.

In her first and second amended complaint, the plaintiff alleges as follows:

> Upon the Plaintiff's release from the Hickman County Jail on or about August 26, 2008, the Plaintiff continued to be the victim of oppression and harassment by the Defendant, Kenny Smith, through various physical and mental threats and communications made upon the Plaintiff up and until the end of December 2008.

Docket Entry No. 8, at 3, ¶ 3.5; Docket Entry No. 17, at 3, ¶ 3.5.

Although she did not so clearly allege in her complaint that she had been "physical[ly] abused" by defendant Smith after her release from jail, as she maintained in her response, she has sufficiently asserted a Fourteenth Amendment claim to withstand the defendant's motion to dismiss. The plaintiff's complaint contains sparse allegations of defendant Smith's conduct after her release and does not provide any details of the "various physical and mental threats and communications," but the defendant has not argued that the complaint fails to state a claim for post-release conduct under the Twombly/Iqbal standard. While the plaintiff has barely passed the Twombly/Iqbal threshold in her complaint, when viewed in conjunction with the plaintiff's claims of repeated and violent sexual abuse while she was incarcerated, the Court cannot find, as a matter of law, that enduring further threats by the perpetrator after her release does not "shock the conscience" such that her post-release claims against defendant City of Centerville should be dismissed in the context of a motion to dismiss.

E. Remaining Claims

In its motion to dismiss, defendant City of Centerville sought to dismiss the plaintiff's claims for punitive damages, her post-release claims, and claims that accrued prior to August 21, 2008. Defendant City of Centerville did not seek to dismiss any claims that accrued between August 21,

10

2008, and the date the plaintiff was released from the Hickman County Jail, and the Court has not addressed any such claims.

## IV. RECOMMENDATION

For the above-state reasons, it is recommended that the motion (Docket Entry No. 44) to dismiss filed by defendant City of Centerville be GRANTED in part and DENIED in part. Specifically: (1) the motion should be GRANTED as to the plaintiff's claims for punitive damages and those claims should be DISMISSED with prejudice; (2) the motion should be GRANTED as to the plaintiff's claims for conduct occurring prior to August 21, 2008, and that those claims against defendant City of Centerville should be DISMISSED with prejudice; and (3) the motion should be DENIED as to the plaintiff's post-release claims and any claims for conduct occurring between August 21, 2008, and the time she was released from the Hickman County Jail.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice, and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                                Respectfully Submitted,

                                                JULIET GRIFFIN
                                                United States Magistrate Judge