IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PRISCILLA ANN FLOTTMAN )
)
v. ) NO. 3:09-0770
) JUDGE CAMPBELL
HICKMAN COUNTY, TENNESSEE, )
  et al. )

ORDER

Pending before the Court are two Reports and Recommendations of the Magistrate Judge (Docket Nos. 78 and 79), to which no Objections have been filed. The Court has reviewed the Reports and Recommendations and the file.

The Report and Recommendation at Docket No. 78 is adopted and approved. Accordingly, the Motion to Dismiss filed by Defendant City of Centerville (Docket No. 44) is GRANTED in part and DENIED in part. Plaintiff's claims against Defendant City of Centerville for punitive damages and for conduct occurring prior to August 21, 2008, are DISMISSED.

The Report and Recommendation at Docket No. 79 is adopted and approved in part and rejected in part. The Court agrees that Defendant Hickman County should be entitled to an adverse inference as a result of Plaintiff's spoliation of evidence. The Court does not believe that inference should be, as the Magistrate Judge suggests, that the plaintiff was not assaulted from August 21, 2008, until her release from the jail. Docket No. 79, p. 7. Defendant did not even ask for such an inference. Defendant moved the Court "to impose an adverse inference or presumption in favor of Defendant that the spoiled evidence would be favorable to Defendant's defenses." Docket No. 50.

An adverse inference sanction serves two purposes: (1) it attempts to place the non-spoliator in a position similar to where it would have been prior to the destruction of evidence; (2) it imposes a punitive effect on the spoliating party. *Clark Construction Group, Inc. v. City of Memphis*, 229

F.R.D. 131, 139 (W.D. Tenn. 2005).[1] Negligent loss or destruction of evidence by a party gives rise to a rebuttable presumption, inferring that the missing evidence supports the opposing party's case. *AEP Memco, LLC v. Wepfer Marine, Inc.*, 2006 WL 2846374 at * 8 (W.D. Tenn. Sept. 30, 2006).

The doctrine of spoliation provides that when a litigant has destroyed, fabricated or suppressed relevant evidence, the trier of fact may, but is not required to, draw an inference that the evidence would have been unfavorable to the spoliator. *American Family Mut. Ins. Co. v. Roth*, 2009 WL 982788 at * 10 (N.D. Ill. Feb. 20, 2009). Spoliation is the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for the destruction. *McDaniel v. Transcender, LLC*, 2005 WL 221534 at ** 7 (6th Cir. Jan. 31, 2005); *see also Beaven v. U.S. Dept. of Justice*, __ F.3d __, 2010 WL 3730909 (6th Cir. Sept. 27, 2010) (finding that district court properly inferred that the missing evidence would have been unfavorable to the non-spoliating party).

For these reasons, the Court finds that the proper adverse inference to which Defendant is entitled is the inference that the journals at issue, had they been produced, would have been adverse to Plaintiff and favorable to Defendant.

Therefore, Defendant Hickman County's Motion for Sanctions (Docket No. 50) is GRANTED in part and DENIED in part. The sanction to be imposed upon Plaintiff is an adverse inference that the journals at issue would have been adverse to Plaintiff and favorable to Defendant.

IT IS SO ORDERED.

*/s/ Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that *Clark* has been overruled to the extent it relied upon state law, rather than federal law, concerning the issue of spoliation. *Adkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009), but that distinction does not change this result.